# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1368 DSF (MRW) | Date | July 12, 2017 |
|---|---|---|---|
| Title | Hollingsworth v. Trask | | |

**Present: The Honorable** Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: DISMISSAL

1. Plaintiff Hollingsworth filed a civil action in this Court. He alleges that three investigators with the San Bernardino County Sheriff's Department violated his rights by failing to investigate a criminal action against him. Plaintiff alleges causes of action under federal civil rights statutes [42 U.S.C. § 1983, 1985] and various provisions of the California Constitution.

2. The Court expresses no opinion about the adequacy of Plaintiff's pleading under those provisions. Assuming that he effects proper service of process, the defense may assert any proper response to these claims.

3. Plaintiff paid the filing fee associated with this action. (Docket # 1.) Nevertheless, a federal court "shall dismiss the case at any time" – regardless of whether the plaintiff paid any filing fee – "if the court determines that the action [ ] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

4. On its face, Plaintiff is not entitled to relief on his sixth cause of action. That claim alleges a violation of 18 U.S.C. § 3771, which is a provision of the federal Crime Victims' Rights Act. (Compliant at 12-13.) However, the plain text of the statute states that "Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." 18 U.S.C. § 3771(d)(6).

5. The statute therefore expressly forbids any civil action against any <u>federal</u> employee or investigator. And, because it is a <u>federal</u> statute of limited scope exclusively to

federal criminal cases, it appears to have no application to local law enforcement officials such as those named in the complaint.

      6.     The Court is of the preliminary opinion that it must dismiss this cause of action sua sponte under Section 1915 and that the defense should not respond to it. However, in the interests of justice, the Court will give Plaintiff an opportunity to show cause why the claim should not be dismissed. Plaintiff may respond to this order with a submission that concisely explains why Plaintiff is legally entitled to pursue this clam despite the patent defect with the complaint. Alternatively, Plaintiff may file a statement of non-opposition and consent to the dismissal of this claim.

      7.     Plaintiff's response to this OSC (not to exceed five pages) will be due by August 8.

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**